## INDUSTRIAL COMM v HOSAFROS

Ohio Appeals, 3rd Dist, Hancock Co

No 334. Decided Dec 13, 1933

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Columbus, and Jackson E. Betts, Findlay, for plaintiff in error.

Fred R. Hover, Findlay, and A. G. Terry, Columbus, for defendant in error.

ond, that such injury was incurred in the course of her employment.

In the case of **Industrial Commission v Franken**, decided by the Supreme Court on March 1, 1933, **126 Oh St 299**, it was held that:

"The term 'injury' as used in the Workmen's Compensation Law of Ohio comprehends only such injuries as are accidental in their origin and cause."

In the case of **Industrial Commission v Gross, 104 Oh St 561**, it was held that:

"The term 'injury' as used in §1465-68, GC, does not include diseases which are contracted, as distinguished from diseases which are occasioned by or follow as a result from physical injury."

And in the case of **Renkel v Industrial Commission, 109 Oh St 152**, it was held:

"Diseases contracted in the course of employment and not occasioned by or the result of a physical injury, are not compensable as injuries, under §1465-68, GC."

See also, **Industrial Commission v Middleton, 126 Oh St 212**.

There is no evidence of any trauma or injury sustained by the plaintiff except as the infection itself may be considered an injury.

The undisputed testimony is to the effect that gonorrheal infection of this character is transmitted by direct contact of the secretion containing the germs, with the mucous membrane of the eye, and there is no evidence that such infection is occasioned by or follows as a result from physical injury.

As the disease from which the plaintiff suffered was not occasioned by or followed as a result of a physical injury, it was not an injury within the meaning of the term as used in the Workmen's Compensation Law of Ohio.

The facts in the case at bar are materially different from the facts in the case of **Industrial Commission v Davison, 118 Oh St 180**, relied upon by plaintiff.

In the Davison case, the infection was occasioned by and followed as the result of a physical injury, to-wit, the puncture of the skin, while in the instant case the infection was transmitted direct from the secretion to the mucous membrane and did not result from any injury to the membrane.

The facts in the instant case also differ from the facts in the case of **Jasionowski v**

## OPINION

By GUERNSEY, J.

In order for the plaintiff to participate in the workmen's compensation fund, the burden is on her to prove, first, that the infection suffered by her is an injury withing the meaning of §1465-68, GC; and, second,

Industrial Commission, 22 Oh Ap, 112, (4 Abs 530), in that in the Jasionowski case the infection occurred through a sore on the claimant's face and from material used in her employment.

Even if the infection had constituted an injury within the meaning of the Workmen's Compensation Law, the evidence in this case fails to show the presence of any gonorrheal infection among the employees of Deisel-Wemmer Gilbert Corporation at plaintiff's place of employment during the time she contracted such disease. The presence of gonorrheal infection not being shown, no inference could arise from the facts in evidence that the plaintiff contracted gonorrhea from the use of rags used by the other employees of the company, and consequently no reasonable inference could arise that the infection of the plaintiff occurred in the course of her employment.

As the gonorrheal infection of the plaintiff was not an injury within the meaning of the Workmen's Compensation Law, and as there is no evidence tending to show that such infection occurred in the course of her employment, the plaintiff is not entitled to participate in the Workmen's Compensation Fund.

Holding these views, the judgment of the lower court will be reversed as being contrary to law, and judgment entered in favor of plaintiff in error.

CROW, PJ, and KLINGER, J, concur.